**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Nakeeta Woods,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>The Villas at Camelback Crossing,<br><br>　　　　Defendant. | No. CV 11-2284-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendant's Motion to Dismiss for Failure to State a Claim, Defendant's Motion to Strike, and Defendant's Motion for Attorneys' Fees. (Doc. 8). The Court now rules on these motions.

**I.   BACKGROUND**

Plaintiff appears to be primarily alleging a Civil Rights Housing Discrimination claim, which would arise out of the Fair Housing Act. Plaintiff alleges that she "spoke to management on May 13, 2011 around 10:30-11:00AM." (Doc. 1 at 3). She also alleges that she "[m]ade prior phone calls with complaints; problems never ceased" and that the issues are "[o]ngoing as of present day." *Id.* Plaintiff further alleges that her landlord and neighbors acted inappropriately, specifically by the "[d]ivulgement of private tenant issues for example: financial status, healthcare issues, racial slurs inappropriate religious comments as well as Supporting Governmental Neural-decoding Attacks Against [Plaintiff]." *Id.* Plaintiff alleges that "[p]roblems [p]ersist [o]ver 5 years!" (Doc. 1). Additionally, Plaintiff has attached a

letter from the U.S. Department of Housing and Urban Development. (Doc. 1 at 5). This letter constitutes an administrative closure on the basis that federal law did not cover any of Plaintiff's claims and therefore the Department of Housing and Urban Development had no jurisdiction to hear those claims. *Id.* Defendant now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claim.

## II. MOTION TO DISMISS

### A. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between

1 possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).
2 Because Plaintiff is proceeding *pro se*, the Court must construe her complaint liberally, even
3 when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d
4 1000, 1011 (9th Cir. 2011).

5 In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts
6 alleged in a complaint in the light most favorable to the drafter of the complaint, and the
7 Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234
8 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal
9 conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that
10 contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

11 **B. ANALYSIS**

12 Even construing the facts in this case as favorably for Plaintiff as possible, the
13 complaint does not state any plausible claims. The complaint alleges, in a very unclear
14 manner, "extreme mental, emotional harassments! Involving neural decoding telepathic
15 communication" as well as "false imprisonment[,]" and "divulgment of private tenant
16 issues." (Doc. 1 at 1-3). The Court is hard-pressed to make a legal claim out of these
17 assertions. Furthermore, none of these potential claims are supported by sufficient factual
18 allegations, even where there might be a cognizable legal theory. All of these claims must
19 be dismissed.

20 Plaintiff's housing discrimination claim is legally cognizable, but must still be
21 dismissed for lack of plausibility. In order to state a claim for housing discrimination
22 pursuant to the Fair Housing Act, a plaintiff must show:

> that she is a member of a protected class, that she applied and was qualified for a housing accommodation, was denied such housing accommodation, and that similarly situated individuals not in a protected class applied for and obtained housing, or if "[she] provide[s] other circumstantial evidence of discriminatory motive in refusing her the housing accommodation."

*McDonald v. Coldwell Banker*, 543 F.3d 498, 503 (9th Cir. 2008) (quoting *Dep't of Fair Emp't and Hous. v. Super. Ct.*, 121 Cal. Rptr. 2d (2002)). In the present case, Plaintiff has

1 asserted that there are "problems" with "management[.]" (Doc. 1 at 3). Beyond these basic
2 assertions, Plaintiff's complaint does not contain sufficient allegations of fact to suggest that
3 her claims are plausible. Plaintiff does not allege that she is a member of a protected class,
4 that she applied and qualified for a housing accommodation, that she was denied such
5 accommodation, or that anyone else obtained housing in her place. The facts alleged, even
6 when taken as true, do not show that discrimination occurred. Therefore, the Court must
7 dismiss this claim as well.

8 **III.   MOTION TO STRIKE**

9     **A.   LEGAL STANDARD**

10 Defendant argues that, pursuant to Federal Rule of Civil Procedure 12(f), the Court
11 should strike "Plaintiff's Complaint." (Doc. 8 at 5).  Rule 12(f) provides that this Court may
12 strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter."
13 Fed. R. Civ. P. 12(f).  While a determination to strike is in the discretion of the trial court,
14 a motion to strike "should not be granted unless it is clear that the matter to be stricken could
15 have no possible bearing on the subject matter of the litigation."  *Colaprico v. Sun*
16 *Microsystems, Inc.*, 759 F. Supp. 1335, 1339 (N.D. Cal. 1991); *see Yount v. Regent Univ.,*
17 *Inc.,* No. CV-08-8011-PCT-DGC, 2009 WL 995596, at *11 (D. Ariz. April 14, 2009) ("even
18 a properly made motion to strike is a drastic remedy which is disfavored by the courts and
19 infrequently granted") (quoting *Int'l Longshoreman's Ass'n. v. Va. Int'l Terminals, Inc.*, 904
20 F.Supp. 500, 504 (E.D. Va. 1995)).

21 Defendant bears the burden of persuading this Court that Plaintiff's complaint should
22 be stricken. *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-
23 PHX-ROS,  2009 WL 2382998, at *1 (D. Ariz. August 4, 2009).  Defendant must show: 1)
24 that the material is redundant, immaterial, impertinent, or scandalous or that the requested
25 relief is unavailable; and, 2) how such material will cause prejudice.  *Id.*; *see Am. Buying Ins.*
26 *Servs., Inc. v. S. Kornreich & Sons, Inc.*, 944 F.Supp. 240, 249–50 (S.D.N.Y. 1996) (noting
27 that motions to strike have frequently been denied "when no prejudice could result from the
28 challenged allegations, even though the matter literally is within the categories set forth in

1  Rule 12(f).") (internal quotation omitted). Any doubt regarding the redundancy,
2  immateriality, impertinence, scandalousness or insufficiency of a pleading must be decided
3  in favor of the non-movant. *XY Skin Care*, 2009 WL 2382998 at *1.

### B. ANALYSIS

Here, Defendant argues, and the Court agrees, that "Plaintiff's claim lacks plausibility." *Id.* However, Defendant has not argued it will suffer any prejudice from the assertions in Plaintiff's complaint. Furthermore, Defendant appears to be requesting that Plaintiff's entire complaint be stricken. (Doc. 8 at 5). While portions of Plaintiff's complaint may be good candidates for striking, Defendant has not carried its burden as to the whole complaint. Therefore, the Court denies Defendant's Motion.

## IV. LEAVE TO AMEND

There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (internal quotation omitted). However, granting leave to amend is inappropriate if the court determines "that the pleading could not possibly be cured by the allegations of other facts." *Id.* at 1127 (9th Cir.2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

Here, Plaintiff's claims are too unsupported by factual allegations for the Court to determine whether the pleading could be cured by the allegation of other facts. For this reason, the Court will allow Plaintiff leave to amend her complaint in order to allege more facts, if possible.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. 8) and dismissing Plaintiff's complaint (Doc. 1). Plaintiff may file an amended complaint within 21 days from the date of this order; if Plaintiff fails to file an amended complaint within this deadline, the Clerk of the Court shall enter judgment, dismissing this case with prejudice.

**IT IS FURTHER ORDERED** denying Defendant's Motion to Strike (Doc. 8).

**IT IS FURTHER ORDERED** denying Defendant's Motion for Attorney's Fees (Doc. 8) without prejudice to filing a motion consistent with the Local Rules at the appropriate time.[1]

DATED this 31st day of July, 2012.

James A. Teilborg
United States District Judge

---

[1] Local Rule of Civil Procedure 54.2 allows motions for attorneys' fees to be filed after a final judgment has been entered. LRCiv 54.2(b)(1) ("the party seeking an award of attorneys' fees . . . shall file and serve a motion for award of attorneys' fees and related non-taxable expenses within fourteen (14) days of the entry of judgment in the action with respect to which the services were rendered."). Additionally, the Local Rules set forth a number of requirements that a movant seeking attorneys' fees must comply with in order for this Court to award fees. LRCiv. 54.2(b)-(e). Furthermore, Plaintiff still has leave to amend her complaint and "[b]ecause outstanding claims . . . remain, and no final judgment has been entered, Defendant's Motion for Attorneys' Fees is premature." *Holy Trinity Greek Orthodox Church v. Church Mutual Ins. Co.*, No. CV-04-1700-PHX-SMM, 2006 WL 1889542, at *2 (D. Ariz. July 6, 2006).